IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS A. SMITH, | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. |
| CITY OF ALLENTOWN, and | : | |
| ED PAWLOWSKI, | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## C O M P L A I N T

1. Plaintiff, Thomas A. Smith, is an adult individual residing at 2466 S. Law Street, Allentown, Lehigh County, Pennsylvania 18103.

2. Defendant, City of Allentown, is a Pennsylvania municipal corporation with offices at 435 Hamilton Street, Allentown, Lehigh County, Pennsylvania 18101.

3. Defendant, Ed Pawlowski, is the Mayor of the City of Allentown with offices at 435 Hamilton Street, Allentown, Lehigh County, Pennsylvania 18101.

4. At all relevant times, Defendant, Pawlowski, was a state actor acting within the scope of his authority as Mayor of the City of Allentown.

## JURISDICTION

5. This Honorable Court has jurisdiction over this matter pursuant to its federal question jurisdiction, codified at 28 U.S.C. §1331, because this case arises under federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. at Count One, and under 28 U.S.C. §1331 and 1343, 42 U.S.C. §1983 and the First Amendment at Count Two.

6. All conditions precedent to jurisdiction have occurred; namely, (a) Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the challenged employment action; and (b) the EEOC issued a Right To Sue Notice on September 5, 2007, and this action is being filed within 90 days of the receipt thereof.

7. Plaintiff is an adult male who was 55 years old at the time of the termination of his employment with Defendant.

8. Defendant had been employed by Defendant since October 1, 1979, when Plaintiff was hired as a Therapeutic Recreation Specialist.

9. Due to Plaintiff's excellent performance and service, Plaintiff was promoted to Superintendent of Recreation for the City of Allentown.

10. On July 24, 2006, Plaintiff's direct supervisor, Fran Dougherty, called Plaintiff into the supervisor's office, commented on Plaintiff's upcoming 55th birthday, and informed Plaintiff that the Mayor of the City of Allentown was demanding Plaintiff's resignation from his employment.

11. Plaintiff promptly wrote the Mayor a letter asking that he reconsider his demand that Plaintiff retire upon his 55th birthday.

12. By letter dated August 8, 2006, the Mayor reiterated his demand that Plaintiff retire immediately.

13. Defendant is an employer as defined in the ADEA, in that it is engaged in an industry that affects interstate commerce, and employs more than 20 employees for

each working day in twenty (2) or more calendar weeks in the current or preceding year.

14. At all times during Plaintiff's employment with Defendant, Defendant significantly affected and controlled Plaintiff's access to his employment with Defendant.

**COUNT ONE**
**(Age Discrimination)**
**Plaintiff, Smith v. Defendant, City of Allentown**

15. The allegations of Paragraphs 1 through 14 inclusive are incorporated herein as if fully set forth at length.

16. Plaintiff was terminated/forced to retire from his employment on or about August 8, 2006.

17. At the time of his termination, Plaintiff was over the age of forty, and in fact, was 55 years old.

18. Defendant discriminated against Plaintiff by terminating Plaintiff's employment solely due to Plaintiff's age, 55 years old.

19. Following Plaintiff's termination, he was replaced and his job duties were taken over by a significantly younger and less-experienced worker.

20. Defendant's termination of Plaintiff due to Plaintiff's age violates the Age Discrimination in Employment Act.

21. As a direct result of Defendant's illegal termination of Plaintiff due to his age, Plaintiff has suffered from a loss of earnings, including wages and benefits, for which damages are claimed.

22. Defendant's actions were willful, wanton, and deliberate, and Defendant knew or was in reckless disregard over whether its conduct violated the ADEA, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. §626(b), which are hereby claimed.

WHEREFORE, Plaintiff, Thomas Smith, demands that a monetary judgment be entered in his favor, and against Defendant, City of Allentown, together with interest, costs of suit, liquidated damages, and reasonable attorney fees, and that defendant, City of Allentown, be ordered to reinstate Plaintiff to his former position, or a comparable position with Defendant, City of Allentown.

## COUNT TWO
### (Federal Civil Rights, 42 U.S.C. §1983)
### Plaintiff, Smith v. Defendant, Pawlowski

23. The allegations of Paragraphs 1 through 22 inclusive are incorporated herein as if fully set forth at length.

24. In the Fall of 2005, the Defendant, Pawlowski, was a private citizen who was running for Mayor of Allentown as a Democrat against the Republican nominee, William Heydt, a former Mayor of the City of Allentown.

25. At all relevant times, Plaintiff was a registered Republican who had worked under William Heydt while he was the Mayor.

26. During the Fall, 2005 election, the Plaintiff publicly endorsed the candidacy of William Heydt for Mayor by placing a yard sign in front of his property.

27. The Defendant, Pawlowski, had actual or constructive knowledge of Plaintiff's public endorsement of his opponent for Mayor.

28. Under the First Amendment to the United States Constitution, Plaintiff had a constitutional right to place a yard sign in front of his residence supporting the candidacy of William Heydt.

29. The Defendant, Pawlowski, personally made the decision to terminate the employment of Plaintiff.

30. The decision by the Defendant, Pawlowski, to terminate Plaintiff was in retaliation for Plaintiff's support of William Heydt in the Fall election of 2005.

31. As a direct and proximate result of the actions of Defendant, Pawlowski, Plaintiff suffered injuries and damages due to interference with Plaintiff's right to free speech, and free political association protected by the First Amendment to the United States Constitution.

32. As a direct and proximate result of Defendant's aforesaid intentional violation of Plaintiff's constitutional rights, Plaintiff suffered damages due to loss of past, present and future wages, income, and benefits in an amount to be determined.

33. As a direct and proximate result of Defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered damages due to emotional anxiety, anguish, stress, distress, sleeplessness, humiliation, and loss of reputation in an amount to be determined.

34. Plaintiff seeks reinstatement to his former or a comparable position with Defendant together with other damages specified herein.

35. The actions of Defendant, Pawlowski, were intentional, willful, wanton, malicious, and outrageous, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, Thomas Smith, demands judgment against Defendant, Ed Pawlowski, in an amount to be determined together with costs of suit, reinstatement and reasonable attorney fees.

### COUNT THREE
### (Federal Civil Rights Act, 42 U.S.C. §1983)
### Plaintiff, Smith v. Defendant, City of Allentown

36. The allegations of Paragraphs 1 through 35 inclusive are incorporated herein as if fully set forth at length.

37. At all relevant times, Defendant Pawlowski, was the chief executive officer charged with responsibility for implementing and determining official governmental policy.

38. At all relevant times, the Defendant, City of Allentown had official, or de facto governmental policy, position or custom of firing political opponents.

39. The Plaintiff was fired by Defendant, City of Allentown, pursuant to an official governmental policy, practice, or custom of retaliating against political opponents of the Mayor.

40. Under the First Amendment to the United States Constitution, Plaintiff had a constitutional right to place a yard sign in front of his residence supporting the candidacy of William Heydt.

41. As a direct and proximate result of the actions of Defendant, City of Allentown, Plaintiff suffered injuries and damages due to interference with Plaintiff's right to free speech, and free political association protected by the First Amendment to the United States Constitution.

42. As a direct and proximate result of Defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered damages due to loss of past, present, and future wages, income, and benefits in an amount to be determined.

43. As a direct and proximate result of Defendant's aforesaid intentional violations of Plaintiff's constitutional rights, Plaintiff suffered damages due to emotional anxiety, anguish, stress, distress, sleeplessness, humiliation, and loss of reputation in an amount to be determined.

44. Plaintiff seeks reinstatement to his former or a comparable position with Defendant together with other damages specified herein.

WHEREFORE, Plaintiff, Thomas Smith, demands judgment against the Defendant, City of Allentown, in an amount to be determined together with costs of suit, reinstatement and reasonable attorney fees.

THE ORLOSKI LAW FIRM

___RJO2736___
Richard J. Orloski
Attorney for Plaintiff
111 N. Cedar Crest Blvd.
Allentown, PA  18104-4602
610 433-2363